UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN WILLHAUCK,

      Plaintiff,

v.                           CASE No. 8:06-CV-282-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.
_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[2]   Because the decision of the Commissioner of Social Security failed properly to consider the plaintiff's back problems, the decision will be reversed and remanded for further consideration.

---

[1]Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing, has a high school education (Tr. 187-89). He has worked as a carpenter and bottle label inspector (Tr. 58, 190-91). The plaintiff filed a claim for supplemental security income payments alleging that he became disabled due to back, shoulder, stomach and memory problems, and bipolar disorder (Tr. 57). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of status post remote reconstructive surgery of the right shoulder and bipolar disorder with a GAF (Global Assessment of Functioning) of 60 (Tr. 16). He concluded that with these impairments the plaintiff had the residual functional capacity to perform light work with only occasional overhead reaching and pulling with the right upper extremity (<u>id</u>.). Additionally, the law judge limited the plaintiff to performing simple, routine, repetitive tasks requiring only simple judgment without frequent interaction with the public (<u>id</u>.). Based upon the testimony of a vocational

expert, the law judge determined that, with these limitations, the plaintiff could perform his previous work as a bottle label inspector, or could work as an assembler, a cleaner/housekeeper, and hand packer/packager (Tr. 16-17).  Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 17).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Supp. Tr. 2a).

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy

-4-

itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds.  First, he argues that the law judge failed to give proper weight to the diagnoses and opinions of the plaintiff's treating physicians (Doc. 15, pp. 12-14).  Second, the plaintiff asserts that the law judge failed to consider the combined effect of all the plaintiff's impairments and subjective symptoms, specifically, his back problem (<u>id.</u>, pp. 14-16).  Third, he contends that the law judge improperly engaged in "sit and squirm" jurisprudence in finding that the plaintiff's complaints were not credible (<u>id.</u>, pp. 16-17).  In addition, the plaintiff has filed a motion to remand for the consideration of additional evidence (Doc. 16).

The plaintiff's contention regarding the law judge's treatment of the plaintiff's allegation of a back problem has merit and warrants a remand.  Thus, the law judge's determination that the plaintiff did not have a medically determinable back impairment (Tr. 12) is not supported by substantial evidence.  Significantly, two reviewing State agency physicians opined that the plaintiff had postural limitations from his back problem, and

those limitations were neither reasonably discounted by the law judge nor included in his hypothetical question to the vocational expert.

The medical evidence in the record is somewhat sparse, purportedly due to the plaintiff's lack of financial resources. Accordingly, the Social Security Administration had the plaintiff undergo a physical examination by Dr. Harry D. Wassel, an orthopedic surgeon (Tr. 105). Dr. Wassel's clinical orthopedic assessment included "cervical syndrome" and "lumbar syndrome" (Tr. 108).

Dr. Wassel's assessment was accepted by two reviewing State agency physicians. One of those adopted the assessment of cervical and lumbar syndromes (Tr. 112) and concluded that the plaintiff was limited to light work (Tr. 113). The reviewing physician opined further that, due to the cervical and lumbar syndromes, the plaintiff could only climb occasionally (Tr. 114) and should avoid concentrated exposure to hazards (Tr. 116). The other reviewing physician, who considered the plaintiff's primary diagnosis as back strain (Tr. 170), limited the plaintiff to light work (Tr. 171) with the restriction that he could only occasionally perform climbing, balancing, stooping, kneeling, crouching and crawling (Tr. 172).

In addition, the plaintiff was seen at least twice by Dr. S. Palli at the Bestcare Family and Geriatric Care office for complaints of pain (Tr. 139, 181). On both occasions, the plaintiff was limited on straight leg raises (<u>id</u>.). Both times, Dr. Palli stated the impression of "low back pain" (<u>id</u>.), adding on the second occasion that it was with "radiculopathy" (Tr. 181).

Despite these opinions, the law judge determined that "this back impairment is not medically determinable, much less existing at a severe level" (Tr. 12). The law judge stated as a basis for this determination that Dr. Wassel's examination found the spine to be within normal limits and that on the first visit to Dr. Palli there was no diagnosis. The law judge also said that "[t]here are no x-rays of [<u>sic</u>] MRI scans, or any other objective findings, that indicate the claimant has a medically determinable back impairment" (<u>id</u>.).

This explanation for concluding that the plaintiff did not have a medically determinable back impairment is not accurate. Thus, Dr. Wassel, who physically examined the plaintiff, reported objective findings of limitations in the plaintiff's range of motion in his back (Tr. 110). Further, Dr. Palli twice reported limitations on straight leg raising (Tr. 139, 181). Moreover, contrary to the law judge's comment, Dr. Palli gave a

diagnostic impression of low back pain on two occasions, stating the second time that it was with radiculopathy (id.).

In addition to these inaccuracies, the law judge's conclusion that the plaintiff did not have a medically determinable back impairment is contrary to the opinions of four doctors, and is supported by none. Thus, Dr. Wassel assessed the plaintiff with cervical syndrome and lumbar syndrome (Tr. 108). One of the reviewing doctors expressly concurred with this assessment (Tr. 112), while the other reviewing doctor listed a primary diagnosis of back strain (Tr. 170). Also, Dr. Palli twice gave a diagnostic impression of low back pain. Consequently, the medical record before the law judge does not provide substantial evidence supporting a conclusion that the plaintiff does not have a medically determinable back impairment.

The law judge may have relied upon his observation of the plaintiff in reaching his conclusion that the plaintiff did not have a medically determinable back impairment. While the law judge "is not prohibited from considering the claimant's appearance and demeanor during the hearing," Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987), he "must not impose his observations in lieu of a consideration of the medical evidence presented." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir.

1985).  Therefore, the law judge cannot base his evaluation of the plaintiff's back problem solely on his observation of the plaintiff at the hearing. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).  Since there is no other evidence supporting the finding that the plaintiff does not have a medically determinable back impairment, that finding is erroneous.

Moreover, the error is not harmless.  It is recognized that the evidence concerning a back problem does not, by any means, show a disabling condition.  And, if there were no evidence showing functional limitations from the back problem, the error would not warrant reversal.

However, both of the reviewing doctors opined that the plaintiff suffered from functional limitations due to his back condition. Thus, one said that he was limited in climbing and with respect to exposure to dangers (Tr. 114, 116), while the other said that the plaintiff was limited in climbing, balancing, stooping, kneeling, crouching and crawling (Tr. 172).  Notably, the law judge indicated that he was giving "great weight" to the opinions of these reviewing doctors (Tr. 13).

Importantly, the law judge failed to address the functional limitations that they have opined.  As a consequence, the law judge did not either discount the functional limitations, or include them in his

hypothetical question to the vocational expert.  The hypothetical question is therefore flawed, and the vocational expert's testimony cannot be the basis for a finding that the plaintiff can return to prior work, or can perform other work that exists in the national economy.  See Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985).

It is acknowledged, based upon scores (if not hundreds) of similar cases, that, if the law judge had included the reviewers' functional limitations in his hypothetical question, the expert, in all likelihood, would have identified jobs in the national economy that the plaintiff could perform.  It is not my role, however, to make corrections to a law judge's decision.  See McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986).  And I am certainly not authorized to do that based upon evidence from other cases.  A remand is therefore required.

The plaintiff also alleges that the law judge did not give proper weight to the opinions of the plaintiff's treating physicians (Doc. 15, pp. 12-14).  Specifically, the plaintiff argues that the law judge did not have good cause to reject the opinions of the treating physicians that the plaintiff was unable to work (id. at pp. 13-14).  This argument is not persuasive.

The plaintiff correctly points out that opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).   Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Here, the law judge provided adequate reasons for his rejection of the treating physicians' opinions that the plaintiff was disabled. The law judge recognized that Pinellas County Department of Social Services physicians had opined that the plaintiff was disabled (Tr. 13), but explained that none of the doctors had provided any specific limitations or given any reasons why they felt the claimant was unable to work (id.). The law judge's assessment is correct. These physician opinions are clearly conclusory as they list only a diagnosis and, without any explanation, the amount of time they believe the plaintiff will be disabled (see, e.g., Tr. 95-98, 178-81). The law judge, therefore, stated good cause to reject these opinions.

Finally, the plaintiff has requested that this case be remanded so that new evidence regarding the plaintiff's back condition may be considered. Although it is doubtful that the plaintiff has made the required showing, this matter may be pretermitted, in light of the remand that is being ordered. The plaintiff will have the opportunity to present the additional evidence upon remand.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. Furthermore, the Motion to Remand to Consider New Material Evidence (Doc. 16) is DENIED as moot. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>29th</u> day of May, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE